# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

**CHARLES A. LAYMAN,**

                **Plaintiff,**               **Case No. 3:11-cv-092**

**vs.**                                 **Judge Thomas M. Rose**

**MICHAEL J. ASTRUE,**           **Magistrate Judge Michael R. Merz**
**Commissioner of Social Security,**

                **Defendant**.

---

**ENTRY AND ORDER OVERRULING LAYMAN'S OBJECTIONS (Doc. #11) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #10) IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S DECISION THAT LAYMAN WAS NOT DISABLED; AND TERMINATING THIS CASE**

---

Plaintiff Charles Layman brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that he was not disabled and, therefore, not entitled to Social Security disability benefits. On December 9, 2011, United States Magistrate Judge Michael R. Merz ("Magistrate Judge Merz") entered a Report and Recommendations (doc. #10) recommending that the Commissioner's Decision be affirmed. Layman subsequently filed Objections (doc. #11) and the time has run and the Commissioner has not responded to Layman's Objections. This matter is, therefore, ripe for decision.

Layman filed applications for disability insurance benefits ("SSD") and supplemental security benefits ("SSI") in January 2004 which the Commissioner denied at the initial level of

review. Layman did not appeal this decision.

Layman then filed applications for SSD and SSI on October 20, 2005, alleging disability

from July 15, 2005[1], due to polycystic kidney disease, kidney stones and illiteracy. The

Commissioner denied Layman's applications initially and on reconsideration. Administrative

Law Judge ("ALJ") Thomas McNichols held a hearing following which he determined that

Layman is not disabled. The Appeals Council denied Layman's request for review and ALJ

McNichols' decision became the Commissioner's final decision. Layman then appealed to this

Court pursuant to 42 U.S.C. § 405(g).

After considering the Administrative Record and briefing by the Parties, Magistrate

Judge Merz issued a Report and Recommendations recommending that the Commissioner's

decision be affirmed. Based upon the reasoning and citations of authority set forth in the

Magistrate Judge's Report and Recommendations (doc. #10) and in Layman's Objections (doc.

#11), as well as upon a thorough de novo review of this Court's file, including the

Administrative Transcript, and a thorough review of the applicable law, this Court adopts the

aforesaid Report and Recommendations in its entirety and, in so doing, affirms the

Commissioner's decision that Layman was not disabled.

This Court's function is to determine whether the record as a whole contains substantial

evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d

742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct

legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if

---

[1]At the administrative hearing, Layman amended his onset date to September 1, 2005.

they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ applied the correct legal criteria and the ALJ's decision is supported by substantial evidence. WHEREFORE, based upon the aforesaid, Layman's Objections to the Magistrate Judge's Report and Recommendations (doc. #11) are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge (doc. #10) in its entirety. The Commissioner's decision that Layman was not disabled is affirmed. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Seventeenth Day of January, 2012.

.                                                        **s/Thomas M. Rose**

                                                        _____

                                                        JUDGE THOMAS M. ROSE
                                                        UNITED STATES DISTRICT COURT

Copies furnished to: Counsel of Record